

FILED

**February 17, 2017**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 3:08 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **ANDREW DUPREE,** | ) | **Docket No. 2016-05-1119** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **TEPRO, INC.,** | ) | **State File No. 37148-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **SOMPO JAPAN INS.,** | ) | **Judge Dale Tipps** |
| **Insurance Carrier.** | ) | |

---

### EXPEDITED HEARING ORDER
### GRANTING MEDICAL BENEFITS
### *(DECISION ON THE RECORD)*

---

This matter came before the undersigned workers' compensation judge on February 13, 2017, on the Request for Expedited Hearing filed by Andrew Dupree. The present focus of this case is whether Mr. Dupree is entitled to medical benefits, specifically treatment for his alleged gradual arm injuries. The central legal issue is whether Mr. Dupree came forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits that he suffered an injury arising primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court holds Mr. Dupree failed to do so, but he is entitled to a panel of physicians.

### History of Claim

A review of Mr. Dupree's affidavit shows that he has worked for Tepro for over eighteen years. He claims he reported to Joe Saturn,[1] "the safety man for Tepro," that he was having problems with both wrists, including a knot on his left wrist, in the spring of 2014. Over a year later, he suffered an injury to his left middle finger in November 2015.

---

[1] Joe Sattler, Tepro's Environmental Health and Safety Manager, stated Tepro does not have an employee named Joe Saturn. He therefore believes he is the "safety man" to whom Mr. Dupree referred in his affidavit.

Tepro then provided a panel of physicians, from which Mr. Dupree selected Dr. Paul Haidak.

Tepro responded with the affidavit of Joe Sattler, Tepro's Environmental Health and Safety Manager, who confirmed that Tepro accepted Mr. Dupree's left middle finger injury as compensable and provided medical treatment with Dr. Haidak. He denied, however, that Mr. Dupree reported a knot on his left wrist or problems with both wrists in 2014. Instead, he contended Mr. Dupree reported left wrist pain in March 2016, at which time Mr. Sattler prepared a C20 First Report of Injury. He also provided a physician panel, from which Mr. Dupree selected Dr. David Martin on May 5.

Records from Dr. Haidak show that he began treating Mr. Dupree for a left middle finger fracture on December 3, 2015. Among the examination notes is Dr. Haidak's observation that Mr. Dupree also had a large ganglion cyst on the left wrist. Dr. Haidak treated the finger fracture over the next few months. On March 28, 2016, Mr. Dupree returned for a maximum medical improvement (MMI) evaluation of the finger injury. At that time, he also complained of bilateral hand pain that "has been getting worse over the past year and he has noticed loss of grip strength and pinch over that time." Mr. Dupree also complained of pain and a large bump in his left wrist.

Dr. Haidak ordered electrodiagnostic tests and saw Mr. Dupree again on April 14. At that time, he found Mr. Dupree to be at MMI and released him to full duty. He also noted Mr. Dupree wished to have his ganglion cyst removed, and he referred Mr. Dupree for further EMG tests. Dr. Haidak recommended excision of the cyst on April 18.

After selecting Dr. Martin from the second panel, Mr. Dupree saw him on May 27. Dr. Martin's note is titled "Independent Medical Evaluation" and states, "I had the opportunity to provide an independent medical evaluation for Andrew Dupree on 5/27/16 for the sole purpose of evaluating the issues affecting his left upper extremity." Although he did not review any of Mr. Dupree's medical records, he noted he was aware of a carpal tunnel syndrome diagnosis by another doctor. "The issue in question, however, involves a mass on the dorsal aspect of his left wrist," which Mr. Dupree indicated, "occurred in approximately February of 2016." After examining Mr. Dupree, Dr. Martin assessed a ganglion cyst on the dorsal aspect of the left wrist. He did not feel it was related to the prior finger injury. He also noted, "I see no evidence that the development of his dorsal wrist ganglion is directly related to his long-standing employment at Tepro."

Mr. Dupree continued to see Dr. Haidak until September 21. At that time, Dr. Haidak noted that, in addition to the cyst excision, he believed Mr. Dupree would eventually need surgery for bilateral carpal tunnel and cubital tunnel syndrome. Noting Mr. Dupree's history of many years of "severe repetitive motion at work," Dr. Haidak wrote, "it is clear that the patient's bilateral carpal and cubital tunnel syndromes and large ganglion dorsum left hand [cyst] and overall general bilateral hand pain are work related

2

injuries secondary to repetitive motion."

Mr. Dupree filed a Petition for Benefit Determination (PBD) seeking medical treatment for the ganglion cyst. The parties did not resolve the disputed issues through mediation, and the mediating specialist filed a Dispute Certification Notice. Mr. Dupree filed a Request for Expedited Hearing, seeking a decision on the record without an evidentiary hearing. The Court issued a Docketing Notice on January 30, 2017, identifying the documents it received for review and providing the parties until February 9 to file any objections to the admissibility of any of those documents.

Mr. Dupree did not file a brief, but based on the PBD and his affidavit, it appears he contends he suffered gradually-occurring injuries to both arms arising out of and in the course and scope of his employment. He relies on the opinion of Dr. Haidak to establish causation. It also appears he contends Dr. Haidak is his authorized treating physician (ATP) for the alleged gradual injuries and, as such, his opinion is statutorily presumed to be correct.

Tepro contends it has provided all the workers' compensation benefits to which Mr. Dupree is entitled. It argues it accepted the finger injury as compensable and provided all necessary medical treatment with Dr. Haidak. It does not address Mr. Dupree's claims of carpal and cubital tunnel syndrome, but relies on Dr. Martin's opinion that the ganglion cyst is not related to Mr. Dupree's work. Tepro contends that Dr. Martin is the ATP for the cyst and his opinion is entitled to the presumption of correctness.

### Findings of Fact and Conclusions of Law

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Mr. Dupree need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2016).

To prove a compensable injury, Mr. Dupree must show that his alleged injury arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(14). To do so, he must show his injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A). Further, he must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the

treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D).

Applying these principles to the facts of this case, the Court cannot conclude at this time that Mr. Dupree is likely to prevail at a hearing on the merits of his claim. The Court first notes it is unnecessary to resolve the discrepancy in the affidavits regarding whether Mr. Dupree reported the knot or any other problems with his wrists in early 2014, because Tepro offered Dr. Haidak to treat the finger injury only. Mr. Dupree suffered a traumatic injury to his left middle finger on November 23, 2015, which was severe enough to merit treatment in the Southern Tennessee Medical Center emergency department on the day of the accident. He followed up with his panel selection, Dr. Haidak, a few days later. Although Dr. Haidak observed the ganglion cyst, he did not provide treatment for it or even include it in the "Reason for Appointment" section of his treatment note. As such, he is not the ATP for Mr. Dupree's cyst or the carpal and cubital tunnel syndromes, and Dr. Haidak's opinion regarding the cause of those conditions is not entitled to the presumption of correctness.

Even if Dr. Haidak's opinion were presumed to be correct, it would not constitute adequate medical proof of causation. At best, Dr. Haidak's statement that Mr. Dupree's problems "are work related injuries secondary to repetitive motion" could only serve to establish some unquantified relationship between his work and his condition. It is wholly inadequate to meet Mr. Dupree's burden of proving his work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."

For the foregoing reasons, Mr. Dupree has not demonstrated he is likely to prevail at a hearing on the merits on the issue of causation. However, additional analysis is necessary to address his claims of carpal and cubital tunnel syndrome, as well as questions raised by Dr. Martin's report. Specifically, the Court must determine whether Mr. Dupree provided sufficient evidence to satisfy his "burden at this interlocutory stage" that he is entitled to a panel of physicians.

The Workers' Compensation Law requires an employer to offer a panel of physicians "from which the injured employee shall select one (1) to be the treating physician." *See* Tennessee Code Annotated section 50-6-204(a)(3)(A)(i). Further, an employee does not have to prove compensability in order to establish the employer is obligated to provide a panel. In *McCord*, the Workers' Compensation Appeals Board found that: "while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her burden at this interlocutory stage to support an Order compelling Employer to provide a panel of physicians." *McCord* at *16, 17.

Mr. Sattler's affidavit and C20 First Report of Injury acknowledge that Mr.

4

Dupree gave notice of "left wrist pain that he believed was due to his work at Tepro" in March 2016. Even though this resulted in Mr. Dupree selecting Dr. Martin from a panel, Dr. Martin clearly indicated that he was providing only an "Independent Medical Evaluation . . . for the sole purpose of evaluating the issues affecting his left upper extremity." Further, even though he noted that Mr. Dupree had been told he had symptoms of carpal tunnel syndrome, Dr. Martin stated, "The issue in question, however, involves a mass on the dorsal aspect of his left wrist." His diagnosis only related to the cause of the cyst, and he did not address Mr. Dupree's wrist pain or carpal tunnel symptoms at all. Therefore, the only information available at this time indicates Tepro failed to provide Mr. Dupree with a "treating physician" for his complaints of left wrist pain, as required by section 50-6-204(a)(3)(A)(i).

As noted above, there is a dispute as to whether Mr. Dupree reported right wrist problems to Mr. Sattler prior to his finger injury. However, because Mr. Dupree alleges a gradual injury, he is only required to give notice of the injury within thirty days after he:

(1) Knows or reasonably should know that he has suffered a work-related injury that has resulted in permanent physical impairment; or

(2) Is rendered unable to continue to perform his normal work activities as the result of the work-related injury and knows or reasonably should know that the injury was caused by work-related activities.

*See* Tennessee Code Annotated section 50-6-201(b).

Subsection (2) is inapplicable as it appears Mr. Dupree continues to work for Tepro. As to subsection (1), the parties submitted no information suggesting Mr. Dupree has any permanent physical impairment resulting from his carpal tunnel syndrome, much less when he knew or should have known about it. Therefore, even if Tepro were previously unaware of any right arm claim, its receipt of Mr. Dupree's affidavit was sufficient notice of a gradual injury claim. In spite of this notice, Tepro failed to provide the requisite medical panel.

For the foregoing reasons, the Court finds Mr. Dupree provided sufficient evidence to satisfy his burden at this interlocutory stage that he is entitled to a panel of physicians from which to choose an authorized physician for evaluation and, if necessary, treatment of any causally-related gradual injuries in accordance with Tennessee Code Annotated section 50-6-204(a)(1)(A).

**IT IS, THEREFORE, ORDERED** as follows:

1. Tepro or its workers' compensation carrier shall provide Mr. Dupree with medical treatment for any work-related arm or wrist injuries as required by Tennessee

Code Annotated section 50-6-204, to be initiated by Tepro or its workers' compensation carrier providing Mr. Dupree with a panel of physicians as required by that statute. Medical bills shall be furnished to Tepro or its workers' compensation carrier by Mr. Dupree or the medical providers.

2. This matter is set for a Scheduling Hearing on April 5, 2017, at 9:30 a.m. You must call 615-741-2112 or toll free at 855-874-0473 to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 17th day of February, 2017.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

6

**APPENDIX**

Exhibits:
1. Records from Middle Tennessee Plastic and Hand
2. April 26, 2016 C-30A Final Medical Report
3. June 6, 2016 C-30A Final Medical Report
4. Records from Star Physical Therapy
5. C-20 First Report of Injury
6. C-23 Notice of Denial
7. C-41 Wage Statement
8. C-42 Choice of Physician form
9. Technician Job Description
10. IME report of Dr. David Martin
11. Records from Harton Regional Medical Center
12. Affidavit of Andrew Dupree
13. Affidavit of Joe Sattler
14. Employee's Report of Injury


Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Medical Benefits was sent to the following recipients by the following methods of service on this the 17th day of February, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service Sent to: |
|------|------|------|------|------|
| Andrew Dupree | X | | | 3231 Baxter Hollow Rd. Belvidere, TN 37306 |
| Gregory Ramos, Employer Attorney | | | X | gramos@nprattorneys.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**